Acosta-Romero v Suiyeng Hung Fong (2024 NY Slip Op 05180)

Acosta-Romero v Suiyeng Hung Fong

2024 NY Slip Op 05180

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, O'Neill Levy, JJ. 

Index No. 812904/22 Appeal No. 2873 Case No. 2024-00408 

[*1]Aime Acosta-Romero, Plaintiff-Appellant,
v
Suiyeng Hung Fong, Defendant-Respondent.

Pena & Kahn, PLLC, Bronx (Eric J. Gottfried of counsel), for appellant.
Clausen Miller PC, New York (David A. Peskanov of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered January 12, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for spoliation sanctions, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted to the extent of imposing an adverse inference charge.
In this slip and fall action, the court improvidently exercised its discretion in denying plaintiff's motion for spoliation sanctions (see generally Ortega v City of New York, 9 NY3d 69, 76 [2007]). Plaintiff demonstrated that, although admittedly aware of the importance of preserving surveillance video of plaintiff's accident in case of litigation, defendant failed to take affirmative steps to preserve the pertinent pre-accident and accident video footage, which was automatically deleted after 30 days. Defendant's failure to do so constituted spoliation of evidence (see Macias v ASAL Realty, LLC, 148 AD3d 622, 622 [1st Dept 2017]).
However, striking defendant's answer as a sanction is not warranted, as plaintiff failed to demonstrate that the missing video footage was the sole means by which she could prove her case (see Rossi v Doka USA, Ltd., 181 AD3d 523, 525-526 [1st Dept 2020]). Even without the pre-accident and accident footage, plaintiff can prove her case through, among other things, her own testimony, and the testimony of defendant's superintendent, who was responsible for maintaining the exterior staircase and removing any snow or ice (see Suazo v Linden Plaza Assocs., LP, 102 AD3d 570, 571 [1st Dept 2013]). Accordingly, an adverse inference charge against defendant for her failure to preserve pre-accident and accident video is appropriate.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024